IN THE SUPREME COURT OF THE STATE OF DELAWARE

RON C. PHILLIPS, §
§ No. 203, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1211004419 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: June 25, 2018
Decided: July 20, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

(1)     The appellant, Ron C. Phillips, is incarcerated at the James T. Vaughn Correctional Center ("JTVCC"). On April 23, 2018, Phillips filed a notice of appeal from the Superior Court's order of January 22, 2018, denying his motion for postconviction relief. The appeal was untimely filed. To be timely filed, the notice of appeal had to be received by the Clerk, or a Deputy Clerk in any county, on or before Monday, February 22, 2018.[1]

(2)     A notice of appeal must be received by the Court within the applicable time period to be effective.[2]   Unless an appellant can demonstrate that the failure

---

[1] Del. Sup. Ct. R. 6(a)(iii), 10(a), 11(a).
[2] Del. Sup. Ct. R. 10(a).

to file a timely appeal is attributable to court-related personnel, the appeal cannot be considered.[3]

(3)    In this case, the Clerk issued a notice directing Phillips to show cause why the appeal should not be dismissed as untimely filed.  Phillips filed a response to the notice, and at the Court's request, the State filed a reply.

(4)    Phillips asks the Court not to dismiss the appeal, claiming that he relied on inaccurate information provided by the JTVCC law library when he addressed the envelope for the appeal papers.  Phillips supports his claim with a photocopy of his incorrectly-addressed notice of appeal envelope bearing a February 13, 2018 postmark, a post office return-to-sender sticker, and a JTVCC mailroom date stamp reflecting that the envelope was received on April 12, 2018.  Phillips contends that he should not be held responsible for the filing delay that was caused by the incorrect address.

(5)    At the direction of the Court, the Clerk asked the State to file a reply to Phillips' response and to submit to the Court a copy of the address list that the JTVCC law library provides to the prisoners.  The address list, which is attached as Exhibit A to the State's reply, lists addresses for the Delaware courts and related legal services.  The mailing addresses listed for the Court's locations in Kent

---

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

County— where the Clerk's Office is located—and in New Castle County—where Phillips sent his notice of appeal—are inaccurate and out of date.[4]

(6) Prison personnel are not court-related personnel.[5] Therefore, the delay in filing the notice of appeal cannot be excused. But, given that the JTVCC law library address list supports Phillips' assertion that the prison provided him with an inaccurate mailing address, the State suggests—and we agree—that this matter should be remanded to the Superior Court with directions to vacate the January 22, 2018 order and to re-issue the order to provide Phillips with an opportunity to file a timely notice of appeal.

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court for further action in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] In its reply, the State indicated that the JTVCC has been notified about the accuracy of the list.
[5] *Brown v. State*, 2004 WL 1535757, at *1 (Del. July 2, 2004) ("Prison law library personnel are not court-related personnel.").